# FEDERAL PUBLIC DEFENDER

## WESTERN DISTRICT OF TEXAS

**MAUREEN SCOTT FRANCO**
FEDERAL PUBLIC DEFENDER

———————

JUDY F. MADEWELL
FIRST ASSISTANT

———————

REGINALDO TREJO, JR.
EDGAR HOLGUIN
*EL PASO*
SUPERVISORY ASSISTANTS

RICHARD C. WHITE FEDERAL BUILDING
700 E. SAN ANTONIO AVENUE, SUITE D-401
EL PASO, TEXAS 79901-7020

January 24, 2025

TELEPHONE
(915) 534-6525

TOLL FREE
(855) 666-1510

FACSIMILE
(915) 534-6534

———————

SAN ANTONIO
AUSTIN
ALPINE-PECOS
DEL RIO
MIDLAND
WACO

Adrian Gallegos
Assistant United States Attorney
700 E. San Antonio 200
El Paso, Texas 79901

Re:     **United States v. Patrick Donald Bohte**
        **25-mj-227-MAT**

Dear Mr. Gallegos:

Pursuant to Federal Rules of Criminal Procedure 12, 16, and 26.2; the District Courts' standing discovery orders; Brady v. Maryland, 373 U.S. 83 (1963), and all other applicable rules and statutes, I am writing to request discovery (inspect and copy) in the above-mentioned case.

The defendant makes the following discovery requests and asks that the government accommodate the same as soon after the receipt of this letter as is practicable and within two weeks:

(1) **Brady Material and items material to the defense**: The defendant requests all documents, statements, agents reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused.  United States v. Bagley, 473 U.S. 667, 676 (1985).  The defendant also requests all items material to his defense.  *See* Fed. R. Crim. P. 16(a)(1)(E).

As the magistrate court notified the Government, the Government must comply with its disclosure under *Brady* and its progeny. *See* Fed. R. Crim. P. 5(f). Failure to do so could result in the delay of trial, the exclusion of evidence, the giving of adverse jury instructions, the grant of new trial, the dismissal of an action, or a finding of contempt. *See* Fed. R. Crim. P. 5(f).

(2) **Evidence Seized**: The defendant requests the opportunity to inspect and to copy or photograph evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E).

(3) **Request for Preservation of Evidence**:  The defendant specifically requests that all video or audio recordings, wiretaps, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved, including but not limited to:

> (a)  That the Government, including this Office and agents and agencies involved in this arrest, preserve all video and audio recordings of devices capturing:
>
>> (1) the moments before, during and after the alleged offense of Mr. Bohte; to include, but not limited to the videos at the Social Security Administration and Federal Protective Services.
>> (2) any and all interviews on audio and video of Mr. Bohte in conjunction with and subsequent to his arrest.
>
> (b) That the Government, including this Office and agents and agencies involved in this investigation, preserve all video and audio recordings of devices capturing the defendant's voice, including but not limited to any recorded conversation with a person working with or for the Government, including any undercover agent and/or confidential informant.
>
> (c) That the Government, including this office and agents involved in the case preserve the items confiscated from the defendant at the time of his arrest.

(4) **Names of Witnesses Favorable to the Defendant**:  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant. Jackson v. Wainwright, 390 F.2d 288, 298 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978).

(5) **The Defendant's Statements Pursuant to Federal Rule of Criminal Rule 16 (a)(1)(A)**: The defendant requests disclosure of the substance of any oral statement made by the defendant in response to interrogation, before or after arrest, in response to interrogation which the government intends to offer in evidence at trial.  Pursuant to Rule 16(a)(1)(B), the defendant requests all copies of any written or recorded statements made by the defendant within the government's possession, custody, or control, and also any written or recorded statements by defendant about which the attorney for the government could know through due diligence; the portion of any written record containing any relevant oral statement the defendant made in response to interrogation by a government agent including any response to any Miranda warnings which may have been given to the defendant, see U.S. v. McElroy, 697 F.2d 459, 464 (2d Cir. 1982); and any other statements

by the defendant that are discoverable under Rule 16(a)(1)(A) and (B).  This includes any statement by the defendant relevant to any possible defense or contention's that he might assert.  United States v. Van Poyck, 77 F.3d 491 (9th Cir. 1996) (quoting United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982)).

(6) **Arrest Reports, Notes and Dispatch Tapes**: The Defendant specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning be turned over.  This request includes, but is not limited to, any rough notes, records, reports, tran-scripts, audiotape or videotape recordings, or other documents in which statements of the defendant or any other discoverable material is contained.  This is discoverable under Federal Rule of Criminal Procedure 16(a)(1)(E) and Brady v. Maryland, 373 U.S. 83 (1963).  See also Loux v. U.S., 389 F.2d 911, 922 (9th Cir. 1968); U.S. v. Lewis, 511 F.2d 798, 801-02 (D.C. Cir. 1975).

Arrest reports, investigators' notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Rules 16(a)(1)(E) and 26.2.  Preservation of rough notes is specifically requested, whether or not the government deems them discoverable at this time.  See Arizona v. Youngblood, 488 U.S. 51, 58 (1988); United States v. Bufalino, 576 F.2d 446, 449 (2d Cir. 1978); see also 18 U.S.C. ' 3550; Brady v. Maryland, 373 U.S. 83 (1963); United States v. Welch, 810 F.2d 485, 490 (5th Cir. 1987).

(7) **Reports of Scientific Tests or Examinations**: Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any buccal swabbing or fingerprint analysis that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at trial.

(8) **The Defendant's Prior Record**: The defendant requests, under Federal Rule of Criminal Procedure 16(a)(1)(D), that the government provide a copy of the defendant's prior criminal record, if any, as within possession, custody or control of the government.

(9) **Tangible Objects**: The defendant requests, under Federal Rule of Criminal Procedure 16(a)(1)(E), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies, including but not limited to the defendants personal belongings and books, notebooks, papers and documents,  depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained for or belong to the defendant.

(10) **Evidence of Bias or Motive to Lie**: The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  See Brady v. Maryland, 373 U.S. 83 (1963);

United States v. Williams, 194 F.3d 886, 888 (8th Cir. 1999); Tejada v. Dugger, 941 F.2d 1551, 1558 (11th Cir. 1991); United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988). This shall include all information on the Facebook page used by ICE members insulting aliens.  Also, to include if anyone involved in this investigation was a member of the above mentioned Facebook group.

 (11) **Impeachment Evidence**: The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant.  See FED. R. EVID. 608, 609 & 613.  Such evidence is discoverable under Brady, 373 U.S. at 83. See Strifler, 851 F.2d at 1202.

(12) **Evidence of Criminal Investigation of Any Government Witness**: The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  See United States v. Chitty, 760 F.2d 425, 428 (2d Cir.), cert. denied, 474 U.S. 945 (1985).

(13) **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**: The defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  See Strifler, 851 F.2d at 1202; Chavis v. North Carolina, 637 F.2d 213, 224-25 (4th Cir. 1980).

(14) **Informants or Cooperating Witnesses**: The defendant requests all relevant information concerning any informants or cooperating witnesses involved in this case.  At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other prospective witnesses unknown to the defendant.  Roviaro v. United States, 353 U.S. 53, 62 (1957).

(15) **Statements Relevant to the Defense**: The defendant requests disclosure of any statement that may be relevant to any possible defense or contention that he might assert. United States v. Van Poyck, 77 F.3d 491 (9th Cir. 1996) (quoting United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982)).  This includes in particular any statements by percipient witnesses.

(16) **Jencks Act Material**: The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2. The defendant specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination. This includes but is not limited to Grand Jury testimony transcript.

FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF TEXAS

(17) **Giglio Information**: Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

 (18) **Government Examination of Law Enforcement Personnel Files**: The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential informant in this case.  The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29, 30-31 (9th Cir. 1991).  See United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).

(19) **Expert Witnesses Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)**: The defendant requests disclosure of the identities, qualifications, and testimony of any expert witnesses the government intends to call at trial, including a summary of such witnesses opinions, copies of any summaries or reports made, underlying data the expert relies on, the expert's resume and a list of cases in which he had previously testified.  See United States v. Holland, 223 F. App'x 891, 894 (11th Cir. 2007).

(20) **Grand Jury Transcripts**: We also request the transcript and minutes from the grand jury proceedings regarding the defendant's case and indictment as provided by Federal Rule of Criminal Procedure 16(a)(3).

(21) **Continuing Disclosure**: The defendant also requests the prompt disclosure of any additional evidence or materials discovered before or during trial that fall within the instant discovery request.  FED. R. CRIM. P. 16(c).

I do thank you for your assistance in this matter.

Very truly yours,

MAUREEN SCOTT FRANCO
Federal Public Defender

MANUEL ACOSTA-RIVERA
Assistant Federal Public Defender