**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| USA § | |
| § | |
| vs. § | No: EP:25-CR-00265(1)-KC |
| § | |
| (1) Patrick Donald Bohte § | |

**STANDING DISCOVERY ORDER**

On this day the Court considered the above-captioned cause. In an effort to efficiently manage the Court's busy docket, and in order to expedite discovery and readiness for trial within the meaning of the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq., the following orders are hereby **ENTERED**:

**I.    DISCOVERY PRODUCTION**

**IT IS HEREBY ORDERED** that the parties herein confer and accomplish the following **WITHIN FOURTEEN DAYS FROM ARRAIGNMENT/WAIVER OF ARRAIGNMENT.**

A.    Upon the request of the defendant, the Government shall permit the defendant to inspect and copy the following items or copies thereof, or supply copies thereof which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of diligence could become known to the Government:

   1.    Any written or recorded statements made by the defendant.

   2.    The substance of any oral statement made by the defendant before or after his or her arrest in response to interrogation by a person then known to be a Government agent which the Government intends use at trial.

   3.    The defendant's criminal record.

   4.    Books, papers, documents, photographs, tangible objects, buildings or places which are material to the defense, which the Government intends to use as evidence at trial in its case-in-chief, or which were obtained from or belong to the defendant.

   5.    Results or reports of physical or mental examination and of scientific tests or experiments made in connection with this case, which are material to the case or which the Government intends to use in its case-in-chief at trial.

   6.    A written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

B.    If the defendant has requested disclosure from the Government, the defendant shall permit the

Government to inspect and copy the following items or copies thereof, or supply copies thereof which are within the defendant's possession, custody or control:

      1.    Books, papers, documents, photographs, or tangible objects which the defendant intends to use as evidence in his or her case-in-chief at trial.

      2.    Results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case which the defendant intends to use as evidence-in-chief at trial or which were prepared by a defense witness who will testify concerning the contents thereof.

      3.    If the defendant has requested disclosure from the government of the government's summary of its expert witnesses testimony, the defendant shall provide a written summary of any testimony under Rules 702, 703, or 705, of the Federal Rules of Evidence which the defendant intends to use at trial.

C.    If the defendant intends to rely upon the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect or other condition bearing on the issue of whether he or she had the mental state required for the offense charged, he or she shall give written notice to the Government. Further, the defendant must provide the Government with a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence for this purpose.

## II.    PRODUCTION OF *BRADY*, *GIGLIO*, *NAPUE*, AND WIRETAP MATERIALS

**IT IS FURTHER ORDERED** that the parties herein confer and accomplish the following at the same time as above:

A.    The Government shall reveal to the defendant and permit inspection and copying of all information and material known to the Government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), or which tends to impeach Government witnesses.

B.    The Government shall state whether the defendant was the subject of any electronic surveillance and if so, shall furnish to the defendant for inspection and copying any recordings or videotapes which may be offered into evidence at trial.

C.    The Government shall disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, or preferential treatment, made to prospective Government witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959).

## III.    PRODUCTION OF ELECTRONIC DISCOVERY

A.    All discovery provided by the Government in electronic format ("Electronic Discovery") shall comply with the February 15, 2012, Memorandum from the Administrative Office of the United States Courts entitled "Recommendations for the Production of Electronic Discovery in Federal Criminal

Cases." Specifically,:

    1.    The Government shall provide Electronic Discovery to the defendant in industry-standard format; however, the Government is not required to undertake additional processing of information, such as the creation of "load" files to load files into a particular software.

    2.    The Electronic Discovery shall be in a format that is readily searched, sorted, and managed, whenever possible.

    3.    The Government shall include a Table of Contents describing the general categories of information available as Electronic Discovery.

    4.    The Government shall employ file naming conventions to facilitate the review and management of Electronic Discovery. For example, in cases involving Title III wiretaps, it is preferable that the naming conventions for the audio files, the monitoring logs, and the call transcripts be consistent to allow for easy cross-reference among the audio calls, the monitoring logs, and transcripts.

    5.    The Government shall provide Electronic Discovery on electronic media of sufficient size to hold the entire production whenever possible. The media should be clearly labeled with the case name and number, the producing party, a unique identifier for the media, and a production date.

    6.    A cover letter should accompany each transmission of Electronic Discovery providing basic information including the number of media provided, the unique identifiers of the media, a brief description of the contents including the table of contents, any applicable bates ranges or other unique production identifiers. Any passwords necessary to access the content should be provided in separate correspondence. The Government should retain a write-protected copy of all transmitted electronic discovery as a preserved record to resolve any subsequent disputes.

    7.    These requirements do not apply to electronic discovery that is itself contraband.

    8.    These requirements do not alter the parties' discovery obligations or protections under the United States Constitution, the Federal Rules of Criminal Procedure, the Jencks Act, or other federal statutes, case law, or local rules.

    9.    These rules regarding the production of Electronic Discovery shall apply to the defendant's production to the government, only if determined to be necessary by the Court.

## IV.    OTHER DISCOVERY MATTERS

**IT IS FURTHER ORDERED** that it shall be the continuing duty of counsel for both sides to reveal to opposing counsel all newly discovered information or other material within the scope of this Standing Order.

The Court may at any time, upon motion properly filed or on its own motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make

such other order as is appropriate.  The Court expects, however, that counsel for both sides shall make every good faith effort to comply with the letter and the spirit of this Standing Order.

All motions concerning matters not covered by this Standing Order must be filed within fourteen days of arraignment or waiver of arraignment.

Counsel shall immediately notify the Court in writing of the reasons for failure to comply with this Standing Order at such point in time as the failure occurs.

**FAILURE TO COMPLY WITH ALL THE TERMS OF THIS ORDER MAY RESULT IN THOSE MATERIALS NOT DISCLOSED AS SET FORTH ABOVE BEING PRESUMED INADMISSIBLE.  FAILURE TO COMPLY MAY ALSO RESULT IN DISMISSAL OF THE CASE.**

**IT IS FINALLY ORDERED THAT ON OR BEFORE THE  PLEA DEADLINE DATE, DEFENSE ATTORNEYS NOTIFY THE COURT'S DEPUTY CLERK OF THE DEFENDANT'S INTENTION TO PLEAD GUILTY.  AT THAT TIME, DEFENSE ATTORNEYS MUST ALSO SCHEDULE A SETTING FOR A PLEA HEARING EITHER BEFORE THIS COURT OR A MAGISTRATE COURT.  DEFENDANTS WHO FAIL TO COMPLY WITH THE PLEA DEADLINE DATE WILL NOT RECEIVE ADJUSTMENTS TO THEIR SENTENCING GUIDELINES BASED ON SUPER ACCEPTANCE OF RESPONSIBILITY.  MOREOVER, THE COURT WILL NOT RECOGNIZE ANY PLEA AGREEMENTS INTO WHICH THE PARTIES ENTER AFTER THE THURSDAY DEADLINE.  INSTEAD, DEFENDANTS WILL BE REQUIRED TO PLEAD GUILTY TO ALL COUNTS OF THE INDICTMENT**.

**Nothing in this Order shall be construed so as to conflict with the United States Constitution, the Federal Rules of Criminal Procedure, the Local Rules of the Western District of Texas, or any applicable statutory or case law.  To the extent any conflict does arise, such other law shall control.**

Signed this 18th day of February, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE